# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

|  |  |  |
|---|---|---|
| CLEAR IMAGING RESEARCH, LLC | | |
| *Plaintiff,* | | |
| v. | | Civil Action No. 2:19-cv-326 |
| SAMSUNG ELECTRONICS CO. LTD. and SAMSUNG ELECTRONICS AMERICA, INC. | | **JURY TRIAL DEMANDED** |
| *Defendants.* | | |

## THE SAMSUNG DEFENDANTS' ANSWER

Defendants Samsung Electronics Co., Ltd. ("SEC) and Samsung Electronics America, Inc. ("SEA") (collectively, "Samsung") file this, its Answer to Plaintiff Clear Imaging Research, LLC's ("Clear Imaging") Complaint for Patent Infringement (Dkt. No. 1).  Samsung denies the allegations and characterizations in Clear Imaging's Complaint unless expressly admitted in the following numbered paragraphs, which correspond to the numbered paragraphs in the Complaint:

## PARTIES[1]

1.      Samsung is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 1 of the Complaint and therefore denies all such allegations.

2.      Samsung admits that SEC is a corporation organized under the laws of the Republic of Korea with its principal place of business at 129 Samsung-Ro, Yeongtong-Gu,

---

[1] Samsung repeats the headings set forth in the Complaint to simplify comparison of the Complaint and this response.  In doing so, Samsung makes no admissions regarding the substance of the headings or any other allegations of the Complaint.  Unless otherwise stated, to the extent that a particular heading can be construed as an allegation, Samsung specifically denies all such allegations.

Suwon, Gyeonggi-Do, Korea.  SEC further admits that service of process can be made on SEC by way of the Hague Convention.

3.     Samsung admits that SEA is a corporation organized under the laws of the State of New York with its principal place of business at 85 Challenger Road, Ridgefield Park, New Jersey 07660.  Samsung admits that SEA is a wholly-owned subsidiary of SEC.  Samsung admits that SEA may be served with process through its registered agent CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas, 75201.  Samsung admits that SEA conducts business in the Eastern District of Texas.  Samsung denies the remaining allegations in Paragraph 3 of the Complaint.

4.     Samsung admits that, prior to January 1, 2015, Samsung Telecommunications America LLC ("STA") sold certain mobile phones and tablets in the United States.  Samsung admits that, since January 1, 2015, SEA has sold certain mobile phones and tablets in the United States.  To the extent that there are any remaining allegations in Paragraph 4 of the Complaint, Samsung denies such allegations.

5.     To the extent Paragraph 5 of the Complaint implicates legal conclusions, no response is required.  To the extent that there are any remaining allegations in Paragraph 5 of the Complaint, Samsung denies such allegations.

## JURISDICTION AND VENUE

6.     Samsung admits that the Complaint purports to set forth a claim for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 271.  Samsung admits that this Court has subject matter jurisdiction over actions for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).  Samsung denies that Clear Imaging is entitled to any relief for

its allegations of patent infringement, whether by award of damages, injunction, or otherwise. Samsung denies any allegations of infringement.

7.     Samsung does not contest, solely for the purpose of the present litigation, whether personal jurisdiction over them properly lies in this District.  SEA admits that it is involved in marketing and/or selling certain Samsung mobile phones and tablets in the United States, including in the State of Texas.  Samsung denies the remaining allegations in Paragraph 7 of the Complaint.

8.     Samsung does not contest, solely for the purposes of the present action, whether venue over them properly lies in this District.  Samsung, however, denies that venue in this District is convenient.

9.     Clear Imaging's allegation regarding venue as to SEC calls for a legal conclusion and therefore no answer is required.  Samsung does not contest, solely for the purposes of the present action, whether venue over SEC properly lies in this District.  Samsung, however, denies that venue in this District is convenient. To the extent that there are any remaining allegations in Paragraph 9 of the Complaint, Samsung denies such allegations.

10.     Clear Imaging's allegation regarding venue as to SEA calls for a legal conclusion and therefore no answer is required.  Samsung does not contest, solely for the purposes of the present action, whether venue over SEA properly lies in this District.  Samsung, however, denies that venue in this District is convenient.  Samsung admits that SEA maintains places of business in Plano, Texas, including at 6625 Excellence Way, Plano, TX, 75023, and that SEA employs full-time employees in this District.  Samsung admits that SEA previously maintained a place of business at 1301 East Lookout Drive, Richardson, Texas 75082.  Samsung denies the remaining allegations in Paragraph 10 of the Complaint.

11.     Samsung does not contest, solely for the purposes of the present action, whether venue over Samsung properly lies in this District.  Samsung, however, denies that venue in this District is convenient.  Samsung denies that a case exists with the caption identified in the Complaint as *Gummarus LLC v. Samsung Electronics Co., Ltd.*, No. 2:16-cv-505.  Samsung admits that specifically as to the litigations captioned *Gummarus LLC v. Samsung Electronics Co., Ltd.*, No. 4:19-cv-501, *Richardson v. Samsung Electronics Co.*, No. 6:17-cv-428, and *Image Processing Technologies, LLC. v. Samsung Electronics Co., Ltd.*, No. 2:16-cv-505, Samsung did not contest, for purposes of those actions only, that venue was proper and that the Court may exercise personal jurisdiction over SEC and SEA in those actions.  Samsung admits that in *Image Processing Technologies, LLC v. Samsung Electronics Co*., *Ltd*., No. 2:16-cv-505, Dkt. No. 23 ¶ 11, Samsung stated:

> [I]n *B.E. Technology, L.L.C. v. Samsung Telecomms. Am. LLC*, No. 12-cv-02824-JPM-tmp, D.I. 27-13 at ¶ 6 (W.D. Tenn. Jan. 22, 2013), a declaration stated: "The majority of potentially relevant documents and things related to the marketing, sale, and distribution of the accused smartphones, cellular-equipped tablets, and Galaxy cameras sold by STA (the 'Accused STA Products') are physically located at STA's offices in Richardson, Texas."  Samsung admits that declaration also stated: "The majority of potential witnesses from STA with relevant knowledge concerning the accused products, including me, work at STA's offices in Richardson, Texas, and reside nearby."  *Id*. at ¶ 8.  Samsung specifically denies that past statements in other cases necessarily refer to, apply to, or are relevant to the products accused in this case, and Samsung specifically denies that past statements in other cases are necessarily still true today.

Samsung denies that the above-referenced statements from a 2013 declaration in *B.E. Technology* necessarily refer to, apply to, or are relevant to the products accused in this case, and Samsung specifically denies that past statements in other cases are necessarily still true today. To the extent that there are any remaining allegations in Paragraph 11 of the Complaint, Samsung denies such allegations.

## **BACKGROUND**

12.     Samsung is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 12 of the Complaint and therefore denies all such allegations.

13.     Samsung is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 13 of the Complaint and therefore denies all such allegations.

14.     Samsung is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 14 of the Complaint and therefore denies all such allegations.

15.     Samsung admits that, prior to commencement of the instant case, Dr. Ozluturk communicated with one or more persons employed by Samsung.  To the extent that there are any remaining allegations in Paragraph 15 of the Complaint, Samsung denies such allegations.

16.     Samsung admits that, in or around 2014, Dr. Ozluturk communicated with one or more persons employed by Samsung.  To the extent that there are any remaining allegations in Paragraph 16 of the Complaint, Samsung denies such allegations.

17.     Samsung is without knowledge or information sufficient to form a belief about the truth of certain of the allegations in Paragraph 17 of the Complaint and therefore denies all such allegations.  Samsung admits that, in June 2017, an attorney purporting to represent Clear Imaging addressed a letter to Jamal Haughton.  To the extent that there are any remaining allegations in Paragraph 17 of the Complaint, Samsung denies such allegations.

18.     Samsung admits that, in November 2017,  Fatih Ozluturk addressed a letter to Jamal Haughton stating Clear Imaging, incorrectly, "believe[s] that Samsung's products need to

take a license to Clear Imaging's patents." To the extent that there are any remaining allegations in Paragraph 18 of the Complaint, Samsung denies such allegations.

19.     Samsung is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 19 of the Complaint and therefore denies all such allegations.

20.     Samsung denies that it has committed acts of infringement, directly or indirectly, or that it has committed any act, directly or indirectly, that would give rise to any cause of action under the Complaint. With respect to the remainder of allegations in Paragraph 20, Samsung is without knowledge or information sufficient to form a belief about the truth of those allegations and therefore denies all such allegations.

21.     Samsung admits that, in or around 2014, Dr. Ozluturk communicated with one or more persons employed by Samsung. Samsung admits that, in June 2017, an attorney purporting to represent Clear Imaging addressed a letter to Mr. Haughton, which letter included reference to, *inter alia*, U.S. Patent Nos. 9,154,699 and 9,392,175 and stated "it appears that Samsung's products are infringing Clear Imaging's patents . . . ." Samsung denies the remaining allegations of Paragraph 21 of the Complaint.

## THE ASSERTED PATENTS

22.     Samsung admits that the first page of U.S. Patent No. 8,630,484 ("the '484 patent") displays "Method and Apparatus to Correct Digital Image Blur Due to Motion of Subject or Imaging Device" as its title and January 14, 2014 as its issue date. Samsung denies that the '484 patent is valid and enforceable. Samsung is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 22 of the Complaint, and therefore denies all such allegations.

23.     Samsung admits that the first page of U.S. Patent No. 9,154,699 ("the '699 patent") displays "Method and Apparatus to Correct Blur in All or Part of a Digital Image by Combining Plurality of Images" as its title and October 6, 2015 as its issue date.  Samsung denies that the '699 patent is valid and enforceable.  Samsung is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 23 of the Complaint, and therefore denies all such allegations.

24.     Samsung admits that the first page of U.S. Patent No. 9,392,175 ("the '175 patent") displays "Method and Apparatus for Using Motion Information and Image Data to Correct Blurred Images" as its title and July 12, 2016 as its issue date.  Samsung denies that the '175 patent is valid and enforceable.  Samsung is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 24 of the Complaint, and therefore denies all such allegations.

25.     Samsung admits that the first page of U.S. Patent No. 9,860,450 ("the '450 patent") displays "Method and Apparatus to Correct Digital Video to Counteract Effect of Camera Shake" as its title, January 2, 2018 as its issue date, and Clear Imaging as its assignee.  Samsung denies that the '450 patent is valid and enforceable.  Samsung is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 25 of the Complaint, and therefore denies all such allegations.

26.     Samsung admits that the first page of  U.S. Patent No. 10,171,740 ("the '740 patent") displays "Method and Apparatus to Correct Blur in All or Part of a Digital Image by Combining Plurality of Images" as its title, January 1, 2019 as its issue date, and Clear Imaging as its assignee.  Samsung denies that the '740 patent is valid and enforceable.  Samsung is

without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 26 of the Complaint, and therefore denies all such allegations.

27.     Samsung admits that the first page of U.S. Patent No. 10,389,944 ("the '944 patent") displays "Method and Apparatus to Correct Blur in All or Part of an Image" as its title, August 20, 2019 as its issue date, and Clear Imaging as its assignee.  Samsung denies that the '944 patent is valid and enforceable.  Samsung is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 27 of the Complaint, and therefore, denies such allegations.[2]

28.     To the extent Paragraph 28 of the Complaint purports to require a response to legal conclusions, no such response is required.  Samsung denies the allegations and characterizations contained in Paragraph 28 to the extent Clear Imaging purports to attribute to the Asserted Patents anything not claimed therein.  Samsung denies that the allegations and characterizations contained in Paragraph 28 constitute a complete and accurate description of the Asserted Patents.  Samsung further denies that the Asserted Patents disclose anything novel or nonobvious and denies that they claim patent-eligible subject matter.  Samsung is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 28 of the Complaint, and therefore, denies such allegations.

29.     To the extent Paragraph 29 of the Complaint purports to require a response to legal conclusions, no response is required.  Samsung denies the allegations and characterizations contained in Paragraph 29 to the extent Clear Imaging purports to attribute to the '484 or '175 patent anything not claimed therein.  Samsung denies that the allegations and characterizations

---

[2] Collectively, Samsung refers herein to the '484 patent, the '699 patent, the '175 patent, the '450 patent, the '740 patent, and the '944 patent as the "Asserted Patents."

contained in Paragraph 29 constitute an accurate and complete description of either the '484 or '175 patent.  Samsung further denies that either the '484 or '175 patent discloses anything novel or nonobvious and denies that either claims patent-eligible subject matter.  Samsung is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 29 of the Complaint, and therefore, denies such allegations.

30.     To the extent Paragraph 30 of the Complaint purports to require a response to legal conclusions, no response is required.  Samsung denies the allegations and characterizations contained in Paragraph 30 to the extent Clear Imaging purports to attribute to the '484 or '175 patent anything not claimed therein.  Samsung denies that the allegations and characterizations contained in Paragraph 30 constitute an accurate and complete description of the '484 and/or '175 patents.  Samsung further denies that either the '484 or '175 patent discloses anything more than an abstract concept and denies that either claims patent-eligible subject matter.  Samsung is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 30 of the Complaint, and therefore, denies such allegations.

31.     To the extent Paragraph 31 of the Complaint purports to require a response to legal conclusions, no response is required.  Samsung denies the allegations and characterizations contained in Paragraph 31 to the extent Clear Imaging purports to attribute to the '699, '740, or '944 patent anything not claimed therein.  Samsung denies that the allegations and characterizations contained in Paragraph 31 constitute an accurate and complete description of any of the '699, '740, or '944 patents.  Samsung further denies that any of the '699, '740, or '944 patents discloses anything novel or nonobvious and denies that any claims patent-eligible subject matter.  Samsung is without knowledge or information sufficient to form a belief as to the truth

of the remaining allegations contained in Paragraph 31 of the Complaint, and therefore, denies such allegations.

32.     To the extent Paragraph 32 of the Complaint purports to require a response to legal conclusions, no response is required.  Further, Samsung denies the allegations and characterizations contained in Paragraph 32 to the extent Clear Imaging purports to attribute to the '699, '740, or '944 patents anything not claimed therein.  Samsung denies that the allegations and characterizations contained in Paragraph 32 constitute an accurate and complete description of any of the '699, '740, or '944 patents.  Samsung further denies that any of the '699, '740, or '944 patents discloses anything more than an abstract concept and denies that any claims patent-eligible subject matter.  Samsung is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 32 of the Complaint, and therefore, denies such allegations.

33.     To the extent Paragraph 33 of the Complaint purports to require a response to legal conclusions, no response is required.  Samsung denies the allegations and characterizations contained in Paragraph 33 to the extent Clear Imaging purports to attribute to the '450 patent anything not claimed therein.  Samsung denies that the allegations and characterizations contained in Paragraph 33 constitute an accurate and complete description of the '450 patent. Samsung further denies that the '450 patent discloses anything novel or nonobvious and denies that it claims patent-eligible subject matter.  Samsung is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 33 of the Complaint, and therefore, denies such allegations.

34.     To the extent Paragraph 34 of the Complaint purports to require a response to legal conclusions, no response is required.  Samsung denies the allegations and characterizations

contained in Paragraph 34 to the extent Clear Imaging purports to attribute to the '450 patent anything not claimed therein.  Samsung denies that the allegations and characterizations contained in Paragraph 34 constitute an accurate and complete description of the '450 patent. Samsung further denies that the '450 patent discloses anything more than an abstract idea and denies that it claims patent-eligible subject matter.  Samsung is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 34 of the Complaint, and therefore, denies such allegations.

35.     To the extent Paragraph 35 of the Complaint purports to require a response to legal conclusions, no response is required.  Samsung admits that Paragraph 35 purports to excerpt material from Samsung and third-party web pages and refers to those source for the contents and context.  Samsung denies any remaining allegations in Paragraph 35 of the Complaint.

36.     To the extent Paragraph 36 of the Complaint purports to require a response to legal conclusions, no response is required.  Samsung denies the allegations and characterizations contained in Paragraph 36 of the Complaint to the extent Clear Imaging purports to attribute to the Asserted Patents anything not claimed therein.  Samsung denies that the allegations and characterizations contained in Paragraph 36 constitute a complete and accurate description of the Asserted Patents.  Samsung further denies that the Asserted Patents disclose anything novel or nonobvious and denies that any claim patent-eligible subject matter.  Samsung denies any remaining allegations in Paragraph 36 of the Complaint.

## CLAIMS FOR PATENT INFRINGEMENT

37.     To the extent Paragraph 37 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Samsung denies that it infringes

or has infringed any claim of the Asserted Patents, literally or under the Doctrine of Equivalents. Except as specifically admitted, Samsung denies the allegations and characterizations in Paragraph 37.

38.    To the extent Paragraph 38 of the Complaint implicates legal conclusions, no response is required.  Samsung admits that Clear Imaging accuses certain Samsung products of infringing the Asserted Patents.  Samsung denies that it infringes or has infringed any claim of the Asserted Patents, literally or under the Doctrine of Equivalents.  Except as specifically admitted, Samsung denies the allegations and characterizations in Paragraph 38.

## COUNT I – [ALLEGED] INFRINGEMENT OF THE '484 PATENT

39.    Samsung incorporates by reference its responses the preceding paragraphs as if fully stated herein.

40.    Samsung denies that it infringes or has infringed any claim of the '484 patent, literally or under the Doctrine of Equivalents.  Samsung is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and characterizations in Paragraph 40 and therefore denies them.

41.    To the extent Paragraph 41 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Samsung admits that Claim 28 of the '484 patent includes the language "apparatus" and "a viewfinder configured to display an image."  Samsung admits that Clear Imaging purports to excerpt material from Samsung web pages and refers to those sources for the contents and context.  Except as specifically admitted and to the extent that a response is required, Samsung denies any remaining allegations in Paragraph 41 of the Complaint.

42.     To the extent Paragraph 42 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Samsung admits that Claim 28 of the '484 patent includes the language "apparatus" and "a processor configured to receive user input data that designates a subject in the image."  Samsung admits that Clear Imaging purports to excerpt material from Samsung web pages and refers to those sources for the contents and context.  Except as specifically admitted and to the extent that a response is required, Samsung denies any remaining allegations in Paragraph 42 of the Complaint.

43.     To the extent Paragraph 43 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Samsung admits that Claim 28 of the '484 patent includes the language "apparatus" and "a processor configured to receive user input data that designates a subject in the image."  Samsung admits that Clear Imaging purports to excerpt material from Samsung and third-party web pages and refers to those sources for the contents and context.  Except as specifically admitted and to the extent that a response is required, Samsung denies any remaining allegations in Paragraph 43 of the Complaint.

44.     To the extent Paragraph 44 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Samsung admits that Claim 28 of the '484 patent includes the language "apparatus" and "wherein the processor is further configured to: shift each of the plurality of images vertically and horizontally such that the designated subject is aligned at a same location in each of the shifted images."  Samsung admits that Clear Imaging purports to excerpt material from Samsung and third-party web pages and refers to those sources for the contents and context.  Except as specifically admitted and to the extent that a response is required, Samsung denies any remaining allegations in Paragraph 44 of the Complaint.

45.     To the extent Paragraph 45 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Samsung admits that Claim 28 of the '484 patent includes the language "apparatus" and "combine the shifted images to obtain a corrected image, wherein the corrected image is a two-dimensional photographic image." Samsung admits that Clear Imaging purports to excerpt material from Samsung and third-party web pages and refers to those sources for the contents and context.  Except as specifically admitted and to the extent that a response is required, Samsung denies any remaining allegations in Paragraph 45 of the Complaint.

46.     Samsung admits that it has known of the '484 patent at least as of the filing of the service of the Complaint.  Except as specifically admitted, Samsung denies the allegations in Paragraph 46 of the Complaint.

47.     To the extent Paragraph 47 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Samsung denies it has infringed the '484 patent under 35 U.S.C. §§ 271(b) or 271(c).  Samsung admits that it provides and/or provided user manuals for certain of the accused products, and Samsung admits it provides information regarding certain of its products, for example, via its website.  To the extent Samsung is without knowledge or information sufficient to form a belief as to the truth of any of the allegations of Paragraph 47, for example, because they implicate information in the possession and control of customers and end users, Samsung denies those allegations on that basis.  Except as specifically admitted, Samsung denies the allegations and characterizations contained in Paragraph 47 of the Complaint.

48.     Denied.

49.     Denied.

## COUNT II – [ALLEGED] INFRINGEMENT OF THE '699 PATENT

50.     Samsung incorporates by reference its responses the preceding paragraphs as if fully stated herein.

51.     Samsung denies that it infringes or has infringed any claim of the '699 patent, literally or under the Doctrine of Equivalents.  Samsung is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and characterizations in Paragraph 51 and therefore denies them.

52.     To the extent Paragraph 52 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Samsung admits that Claim 9 of the '699 patent includes the language "apparatus" and "a viewfinder configured to display an image." Samsung admits that Clear Imaging purports to excerpt material from Samsung web pages and refers to those sources for the contents and context.  Except as specifically admitted and to the extent that a response is required, Samsung denies any remaining allegations in Paragraph 52 of the Complaint.

53.     To the extent Paragraph 53 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Samsung admits that Claim 9 of the '699 patent includes the language "apparatus" and "a processor configured to receive user input that designates a main subject in the image in the viewfinder."  Samsung admits that Clear Imaging purports to excerpt material from Samsung web pages and refers to those sources for the contents and context.  Except as specifically admitted and to the extent that a response is required, Samsung denies any remaining allegations in Paragraph 53 of the Complaint.

54.     To the extent Paragraph 54 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Samsung admits that Claim 9 of

the '699 patent includes the language "apparatus" and "a recording medium configured to capture a plurality of photographic images, wherein the plurality of photographic images includes the designated main subject."  Samsung admits that Clear Imaging purports to excerpt material from Samsung and third-party web pages and refers to those sources for the contents and context. Except as specifically admitted and to the extent that a response is required, Samsung denies any remaining allegations in Paragraph 54 of the Complaint.

55.     To the extent Paragraph 55 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Samsung admits that Claim 9 of the '699 patent includes the language "apparatus" and "the processor further configured to combine the plurality of photographic images to create a combined photographic image such that the main subject in the combined photographic image is substantially blur free and areas of the combined photographic image other than the main subject are blurred."  Samsung admits that Clear Imaging purports to excerpt material from Samsung and third-party web pages and refers to those sources for the contents and context.  Except as specifically admitted and to the extent that a response is required, Samsung denies any remaining allegations in Paragraph 55 of the Complaint.

56.     To the extent Paragraph 56 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Samsung admits that Claim 9 of the '699 patent includes the language "apparatus" and "a memory configured to record the combined photographic image."  Samsung admits that Clear Imaging purports to excerpt material from Samsung web pages and refers to those sources for the contents and context.  Except as specifically admitted and to the extent that a response is required, Samsung denies any remaining allegations in Paragraph 56 of the Complaint.

57.     Samsung admits that it has known of the '699 patent at least as of the filing of the service of the Complaint. Except as specifically admitted, Samsung denies the allegations in Paragraph 57 of the Complaint.

58.     To the extent Paragraph 58 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Samsung denies it has infringed the '699 patent under 35 U.S.C. §§ 271(b) or 271(c).  Samsung admits that it provides and/or provided user manuals for certain of the accused products, and Samsung admits it provides information regarding certain of its products, for example, via its website.  To the extent Samsung is without knowledge or information sufficient to form a belief as to the truth of any of the allegations of Paragraph 58, for example, because they implicate information in the possession and control of customers and end users, Samsung denies those allegations on that basis.  Except as specifically admitted, Samsung denies the allegations and characterizations contained in Paragraph 58 of the Complaint.

59.     Denied.

60.     Denied.

## COUNT III – [ALLEGED] INFRINGEMENT OF THE '175 PATENT

61.     Samsung incorporates by reference its responses the preceding paragraphs as if fully stated herein.

62.     Samsung denies that it infringes or has infringed any claim of the '175 patent, literally or under the Doctrine of Equivalents.  Samsung is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and characterizations in Paragraph 62 and therefore denies them.

63.     To the extent Paragraph 63 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Samsung admits that Claim 23 of the '175 patent includes the language "apparatus" and "a viewfinder configured to display an image."  Samsung admits that Clear Imaging purports to excerpt material from Samsung web pages and refers to those sources for the contents and context.  Except as specifically admitted and to the extent that a response is required, Samsung denies any remaining allegations in Paragraph 63 of the Complaint.

64.     To the extent Paragraph 64 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Samsung admits that Claim 23 of the '175 patent includes the language "apparatus" and "a processor configured to receive user input that designates a main subject in the image in the viewfinder."  Samsung admits that Clear Imaging purports to excerpt material from Samsung web pages and refers to those sources for the contents and context.  Except as specifically admitted and to the extent that a response is required, Samsung denies any remaining allegations in Paragraph 64 of the Complaint.

65.     To the extent Paragraph 65 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Samsung admits that Claim 23 of the '175 patent includes the language "apparatus" and "a recording medium configured to capture a plurality of photographic images, wherein the plurality of photographic images includes the designated main subject."  Samsung admits that Clear Imaging purports to excerpt material from Samsung and third-party web pages and refers to those sources for the contents and context. Except as specifically admitted and to the extent that a response is required, Samsung denies any remaining allegations in Paragraph 65 of the Complaint.

66.     To the extent Paragraph 66 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Samsung admits that Claim 23 of the '175 patent includes the language "apparatus" and "the processor further configured to selectively combine the plurality of photographic images to generate a corrected image."  Samsung admits that Clear Imaging purports to excerpt material from Samsung and third-party web pages and refers to those sources for the contents and context.  Except as specifically admitted and to the extent that a response is required, Samsung denies any remaining allegations in Paragraph 66 of the Complaint.

67.     To the extent Paragraph 67 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Samsung admits that Claim 23 of the '175 patent includes the language "apparatus" and "combines a first set of images from among the plurality of images to generate a first part of the corrected image, combines a second set of images from among the plurality of images to generate a second part of the corrected image, and at least one image in the first set of images is not included in the second set of images."  Samsung admits that Clear Imaging purports to excerpt material from Samsung and third-party web pages and refers to those sources for the contents and context.  Except as specifically admitted and to the extent that a response is required, Samsung denies any remaining allegations in Paragraph 67 of the Complaint.

68.     To the extent Paragraph 68 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Samsung admits that Claim 23 of the '175 patent includes the language "a memory configured to store the corrected image."  Samsung admits that Clear Imaging purports to excerpt material from Samsung web pages and refers to those sources for the contents and context.  Except as specifically admitted and to the

extent that a response is required, Samsung denies any remaining allegations in Paragraph 68 of the Complaint.

69.     Samsung admits that it has known of the '175 patent at least as of the filing of the service of the Complaint.  Except as specifically admitted, Samsung denies the allegations in Paragraph 69 of the Complaint.

70.     To the extent Paragraph 70 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Samsung denies it has infringed the '175 patent under 35 U.S.C. §§ 271(b) or 271(c).  Samsung admits that it provides and/or provided user manuals for certain of the accused products, and Samsung admits it provides information regarding certain of its products, for example, via its website.  To the extent Samsung is without knowledge or information sufficient to form a belief as to the truth of any of the allegations of Paragraph 70, for example, because they implicate information in the possession and control of customers and end users, Samsung denies those allegations on that basis.  Except as specifically admitted, Samsung denies the allegations and characterizations contained in Paragraph 70 of the Complaint.

71.     Denied.

72.     Denied.

## COUNT IV – [ALLEGED] INFRINGEMENT OF THE '450 PATENT

73.     Samsung incorporates by reference its responses the preceding paragraphs as if fully stated herein.

74.     Samsung denies that it infringes or has infringed any claim of the '450 patent, literally or under the Doctrine of Equivalents.  Samsung is without knowledge or information

sufficient to form a belief as to the truth of the remaining allegations and characterizations in Paragraph 74 and therefore denies them.

75.     To the extent Paragraph 75 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Samsung admits that Claim 14 of the '450 patent includes the language "imaging device" and "an image sensor configured to capture a sequence of images, wherein the sequence of images comprise a video, and store the images in a memory."  Samsung admits that Clear Imaging purports to excerpt material from Samsung and third-party web pages and refers to those sources for the contents and context.  Except as specifically admitted and to the extent that a response is required, Samsung denies any remaining allegations in Paragraph 75 of the Complaint.

76.     To the extent Paragraph 76 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Samsung admits that Claim 14 of the '450 patent includes the language "imaging device" and "one or more motion sensors configured to detect motion information for one or more images of the sequence of images, wherein the motion information represents motion of the imaging device during capturing the one or more images of the sequence of images, and store the motion information in the memory synchronously with the storing of the one or more images."  Samsung admits that Clear Imaging purports to excerpt material from Samsung and third-party web pages and refers to those sources for the contents and context.  Except as specifically admitted and to the extent that a response is required, Samsung denies any remaining allegations in Paragraph 76 of the Complaint.

77.     To the extent Paragraph 77 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Samsung admits that Claim 14 of the '450 patent includes the language "imaging device" and "a processor configured to determine

a vertical shift value and a horizontal shift value for one or more images of the sequence of images based at least in part on the motion information" and "modify one or more images of the sequence of images based at least in part on the vertical and the horizontal shift values."  Samsung admits that Clear Imaging purports to excerpt material from Samsung and third-party web pages and refers to those sources for the contents and context.  Except as specifically admitted and to the extent that a response is required, Samsung denies any remaining allegations in Paragraph 77 of the Complaint.

78.     To the extent Paragraph 78 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Samsung admits that Claim 14 of the '450 patent includes the language "imaging device" and a processor configured to "combine the modified images to obtain a final video" and "wherein the memory is further configured to store the final video."  Samsung admits that Clear Imaging purports to excerpt material from Samsung and third-party web pages and refers to those sources for the contents and context.  Except as specifically admitted and to the extent that a response is required, Samsung denies any remaining allegations in Paragraph 78 of the Complaint.

79.     Samsung admits that it has known of the '450 patent at least as of the filing of the service of the Complaint.  Except as specifically admitted, Samsung denies the allegations in Paragraph 79 of the Complaint.

80.     To the extent Paragraph 80 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Samsung denies it has infringed the '450 patent under 35 U.S.C. §§ 271(b) or 271(c).  Samsung admits that it provides and/or provided user manuals for certain of the accused products, and Samsung admits it provides information regarding certain of its products, for example, via its website.  To the extent

Samsung is without knowledge or information sufficient to form a belief as to the truth of any of the allegations of Paragraph 80, for example, because they implicate information in the possession and control of customers and end users, Samsung denies those allegations on that basis.  Except as specifically admitted, Samsung denies the allegations and characterizations contained in Paragraph 80 of the Complaint.

81.     Denied.

82.     Denied.

## COUNT V – [ALLEGED] INFRINGEMENT OF THE '740 PATENT

83.     Samsung incorporates by reference its responses the preceding paragraphs as if fully stated herein.

84.     Samsung denies that it infringes or has infringed any claim of the '740 patent, literally or under the Doctrine of Equivalents.  Samsung is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and characterizations in Paragraph 84 and therefore denies them.

85.     To the extent Paragraph 85 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Samsung admits that Claim 20 of the '740 patent includes the language "imaging device for capturing and processing images" and "a user interface configured to display an image, wherein the image is a preview of the field of view of the device, and wherein the image includes a first subject and a second subject" and "a processor configured to receive user input designating the first subject in the image to be kept blur free."  Samsung admits that Clear Imaging purports to excerpt material from Samsung and third-party web pages and refers to those sources for the contents and context.  Except as

specifically admitted and to the extent that a response is required, Samsung denies any remaining allegations in Paragraph 85 of the Complaint.

86.     To the extent Paragraph 86 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Samsung admits that Claim 20 of the '740 patent includes the language "imaging device" and "a memory configured to store a plurality of images captured by the device, wherein the plurality of images include the first subject and the second subject."  Samsung admits that Clear Imaging purports to excerpt material from Samsung and third-party web pages and refers to those sources for the contents and context. Except as specifically admitted and to the extent that a response is required, Samsung denies any remaining allegations in Paragraph 86 of the Complaint.

87.     To the extent Paragraph 87 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Samsung admits that Claim 20 of the '740 patent includes the language "imaging device" and a "processor further configured to combine the plurality of images to obtain a combined image, such that: the combined image includes the first subject and the second subject, the first subject in the combined image is blur free, and the second subject in the combined image is blurred compared to the first subject." Samsung admits that Clear Imaging purports to excerpt material from Samsung and third-party web pages and refers to those sources for the contents and context.  Except as specifically admitted and to the extent that a response is required, Samsung denies any remaining allegations in Paragraph 87 of the Complaint.

88.     To the extent Paragraph 88 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Samsung admits that Claim 20 of the '740 patent includes the language "imaging device" and a "user interface further configured

to display the combined image."  Samsung admits that Clear Imaging purports to excerpt material from Samsung and third-party web pages and refers to those sources for the contents and context.  Except as specifically admitted and to the extent that a response is required, Samsung denies any remaining allegations in Paragraph 88 of the Complaint.

89.    To the extent Paragraph 89 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Samsung admits that Claim 20 of the '740 patent includes the language "imaging device" and "a memory configured to store the combined image."  Samsung admits that Clear Imaging purports to excerpt material from Samsung web pages and refers to those sources for the contents and context.  Except as specifically admitted and to the extent that a response is required, Samsung denies any remaining allegations in Paragraph 89 of the Complaint.

90.    Samsung admits that it has known of the '740 patent at least as of the filing of the service of the Complaint.  Except as specifically admitted, Samsung denies the allegations in Paragraph 90 of the Complaint.

91.    To the extent Paragraph 91 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Samsung denies it has infringed the '740 patent under 35 U.S.C. §§ 271(b) or 271(c).  Samsung admits that it provides and/or provided user manuals for certain of the accused products, and Samsung admits it provides information regarding certain of its products, for example, via its website.  To the extent Samsung is without knowledge or information sufficient to form a belief as to the truth of any of the allegations of Paragraph 91, for example, because they implicate information in the possession and control of customers and end users, Samsung denies those allegations on that

basis.  Except as specifically admitted, Samsung denies the allegations and characterizations contained in Paragraph 91 of the Complaint.

92.     Denied.

93.     Denied.

**COUNT VI – [ALLEGED] INFRINGEMENT OF THE '944 PATENT**

94.     Samsung incorporates by reference its responses the preceding paragraphs as if fully stated herein.

95.     Samsung denies that it infringes or has infringed any claim of the '944 patent, literally or under the Doctrine of Equivalents.  Samsung is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and characterizations in Paragraph 95 and therefore denies them.

96.     To the extent Paragraph 96 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Samsung admits that Claim 6 of the '944 patent includes the language "imagine device for capturing digital images, comprising." Samsung admits that Clear Imaging purports to excerpt material from Samsung web pages and refers to those sources for the contents and context.  Except as specifically admitted and to the extent that a response is required, Samsung denies any remaining allegations in Paragraph 96 of the Complaint.

97.     To the extent Paragraph 97 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Samsung admits that Claim 6 of the '944 patent includes the language "a user interface configured to display an image and to receive a user input, wherein the displayed image is a preview of the scene to be captured, and wherein the user input designates a first subject in the displayed image."  Samsung admits that

Clear Imaging purports to excerpt material from Samsung and third-party web pages and refers to those sources for the contents and context.  Except as specifically admitted and to the extent that a response is required, Samsung denies any remaining allegations in Paragraph 97 of the Complaint.

98.     To the extent Paragraph 98 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Samsung admits that Claim 6 of the '944 patent includes the language "imaging device" and "an image sensor, configured to capture a plurality of images, wherein the plurality of images include the first subject and the second subject."  Samsung admits that Clear Imaging purports to excerpt material from Samsung web pages and refers to those sources for the contents and context.  Except as specifically admitted and to the extent that a response is required, Samsung denies any remaining allegations in Paragraph 98 of the Complaint.

99.     To the extent Paragraph 99 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Samsung admits that Claim 6 of the '944 patent includes the language "imaging device" and "a processor configured to combine the plurality of images to obtain a combined image."  Samsung admits that Clear Imaging purports to excerpt material from Samsung web pages and refers to those sources for the contents and context.  Except as specifically admitted and to the extent that a response is required, Samsung denies any remaining allegations in Paragraph 99 of the Complaint

100.    To the extent Paragraph 100 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Samsung admits that Claim 6 of the '944 patent includes the language "imaging device" and "the processing of the images takes into account at least one of a focal length of a focal length of a lens of the imaging device and the

zoom level of a lens of the imaging device."  Samsung admits that Clear Imaging purports to excerpt material from Samsung and third-party web pages and refers to those sources for the contents and context.  Except as specifically admitted and to the extent that a response is required, Samsung denies any remaining allegations in Paragraph 100 of the Complaint.

101.    To the extent Paragraph 101 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Samsung admits that Claim 6 of the '944 patent includes the language "imaging device" where "the combined image includes the first subject and the second subject, the first subject in the combined image is substantially blur free, and the second subject in the combined image is blurred compared to the first subject."  Samsung admits that Clear Imaging purports to excerpt material from Samsung web pages and refers to those sources for the contents and context.  Except as specifically admitted and to the extent that a response is required, Samsung denies any remaining allegations in Paragraph 101 of the Complaint

102.    To the extent Paragraph 102 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Samsung admits that Claim 6 of the '944 patent includes the language "imaging device" and "a memory configured to store the combined image."  Samsung admits that Clear Imaging purports to excerpt material from Samsung web pages and refers to those sources for the contents and context.  Except as specifically admitted and to the extent that a response is required, Samsung denies any remaining allegations in Paragraph 102 of the Complaint.

103.    Samsung admits that it has known of the '944 patent at least as of the filing of the service of the Complaint.  Except as specifically admitted, Samsung denies the allegations in Paragraph 103 of the Complaint.

104.    To the extent Paragraph 104 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Samsung denies it has infringed the '944 patent under 35 U.S.C. §§ 271(b) or 271(c).  Samsung admits that it provides and/or provided user manuals for certain of the accused products, and Samsung admits it provides information regarding certain of its products, for example, via its website.  To the extent Samsung is without knowledge or information sufficient to form a belief as to the truth of any of the allegations of Paragraph 104, for example, because they implicate information in the possession and control of customers and end users, Samsung denies those allegations on that basis.  Except as specifically admitted, Samsung denies the allegations and characterizations contained in Paragraph 104 of the Complaint.

105.    Denied.

106.    Denied.

## CLEAR IMAGING'S PRAYER FOR RELIEF

107.    Paragraphs 107 through 115 set forth the statement of relief requested by Clear Imaging to which no response is required.  Samsung denies that Clear Imaging is entitled to any relief sought in its Prayer for Relief or otherwise, and Samsung requests that the Court deny all relief to Clear Imaging and enter judgment in favor of Samsung.

## [CLEAR IMAGING'S] DEMAND FOR JURY TRIAL

Samsung is not required to provide a response to Clear Imaging's request for a trial by jury.  Samsung is filing its own demand for jury trial contemporaneously herewith.

********

To the extent that any allegations of the Complaint have not been previously specifically admitted or denied, Samsung denies them.

## ADDITIONAL DEFENSES

Pursuant to Federal Rule of Civil Procedure 8(c), Samsung, without waiver, limitation, or prejudice, hereby asserts the additional defenses listed below.  Samsung reserves the right to amend this Answer to add additional defenses, including allegations of inequitable conduct, and/or any other defenses currently unknown to Samsung, as they become known throughout the course of discovery in this action.  Assertion of a defense is not a concession that Samsung has the burden of proving the matter asserted.

### First Additional Defense
### (Non-Infringement)

108.    Samsung does not and has not infringed, under any theory of infringement (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement)), any valid and enforceable claim of the asserted patents, either literally or under the Doctrine of Equivalents, and has not committed any acts in violation of 35 U.S.C. § 271.

### Second Additional Defense
### (Invalidity)

109.    Each asserted claim of the asserted patents is invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

110.    One or more claims of the '484 patent fails the meet the conditions of patentability and/or otherwise comply with one or more provisions of 35 U.S.C. §§ 101, *et seq.*, including §§ 101, 102, 103, and/or 112.  By way of non-limiting example, the representative claim, claim 28 of the '484 patent, is anticipated and/or rendered obvious in view of U.S. Patent No. 6,292,593.

111.    One or more claims of the '699 patent fails the meet the conditions of patentability and/or otherwise comply with one or more provisions of 35 U.S.C. §§ 101, *et seq.*, including §§ 101, 102, 103, and/or 112.  By way of non-limiting example, the representative claim, claim 9 of the '699 patent, is anticipated and/or rendered obvious in view of U.S. Patent. No. 6,157,733.

112.    One or more claims of the '175 patent fails the meet the conditions of patentability and/or otherwise comply with one or more provisions of 35 U.S.C. §§ 101, *et seq.*, including §§ 101, 102, 103, and/or 112.  By way of non-limiting example, the representative claim, claim 23 of the '175 patent, is anticipated and/or rendered obvious in view of U.S. Patent No. 6,429,895.

113.    One or more claims of the '450 patent fails the meet the conditions of patentability and/or otherwise comply with one or more provisions of 35 U.S.C. §§ 101, *et seq.*, including §§ 101, 102, 103, and/or 112.  By way of non-limiting example, the representative claim, claim 15 of the '450 patent, is anticipated and/or rendered obvious in view of U.S. Patent No. 6,342,918.

114.    One or more claims of the '740 patent fails the meet the conditions of patentability and/or otherwise comply with one or more provisions of 35 U.S.C. §§ 101, *et seq.*, including §§ 101, 102, 103, and/or 112.  By way of non-limiting example, the representative claim, claim 20 of the '740 patent, is anticipated and/or rendered obvious in view of U.S. Patent. No. 6,157,733.

115.    One or more claims of the '944 patent fails the meet the conditions of patentability and/or otherwise comply with one or more provisions of 35 U.S.C. §§ 101, *et seq.*, including §§ 101, 102, 103, and/or 112.  By way of non-limiting example, the representative

claim, claim 6 of the '944 patent, is anticipated and/or rendered obvious in view of U.S. Patent. No. 6,157,733.

### Third Additional Defense
### (Laches, Estoppel, and Waiver)

116.    Clear Imaging's attempted enforcement of the Asserted Patents against Samsung is barred by laches, estoppel, and/or waiver.  By way of example, Clear Imaging's claims are barred by the doctrine of prosecution history estoppel based on statements, representations, and admissions made during prosecution of the patent applications resulting in the asserted patents. By way of further example, the Asserted Patents cannot be construed literally or under the doctrine of equivalents in a manner that encompasses Samsung's accused products because such a scope would improperly ensnare the prior art.

### Fourth Additional Defense
### (Barring Claims under § 1498)

117.    To the extent that Clear Imaging's claims relate to the sale and/or use by the United States government of the accused products, Clear Imaging's sole remedy is an action for damages filed with the United States Court of Federal Claims pursuant to 28 U.S.C. § 1498.

### Fifth Additional Defense
### (No Injunctive Relief)

118.    Clear Imaging's claim for injunctive relief is barred because there exists an adequate remedy at law, and Clear Imaging's claims otherwise fail to meet the requirements for such relief.

### Sixth Additional Defense
### (Limitation on Damages)

119.    Clear Imaging's claims for damages are statutorily limited or barred by 35 U.S.C. § 286.

**Seventh Additional Defense**
**(Failure to State a Claim)**

120.    Clear Imaging's Complaint fails to state a claim upon which relief can be granted.

**Eighth Additional Defense**
**(No Willful Infringement)**

121.    Clear Imaging is not entitled to enhanced damages under 35 U.S.C. § 284 because Samsung has not intentionally, willfully, or deliberately infringed any claim of the Asserted Patents, or acted with egregious conduct.

**Ninth Additional Defense**
**(Lack of Standing)**

122.    To the extent that Clear Imaging does not own all substantial rights in the Asserted Patents, Clear Imaging lacks standing to pursue some or all of its claims against Samsung.

**Tenth Additional Defense**
**(License)**

123.    Clear Imaging's claims are barred in whole or in part as a result of a license to the Asserted Patents.  For example, to the extent Clear Imaging does not own all substantial rights in the Asserted Patents and the patents are owned by a party from whom Samsung has an existing license to the party's patent portfolio, Samsung is licensed to the Asserted Patents.

Date:   January 22, 2020                    Respectfully submitted,

                                    By:   FISH & RICHARDSON P.C.

                                          _/s/Ruffin B. Cordell_____
                                          Ruffin Cordell (Lead Counsel)
                                          TX Bar No. 04820550
                                          cordell@fr.com
                                          Michael J. McKeon
                                          DC Bar No. 459780
                                          mckeon@fr.com
                                          Indranil Mukerji
                                          MA Bar No. 644059
                                          mukerji@fr.com
                                          FISH & RICHARDSON P.C.
                                          1000 Maine Avenue, SW, Suite 1000
                                          Washington, D.C. 20024
                                          Telephone: (202) 783-5070
                                          Facsimile: (202) 783-2331

                                          Leonard E. Davis
                                          TX Bar No. 05521600
                                          ldavis@fr.com
                                          FISH & RICHARDSON P.C.
                                          1717 Main Street, Suite 5000
                                          Dallas, TX 75201
                                          Telephone: (214) 747-5070
                                          Facsimile: (214) 747-2091

                                          Noah C. Graubart
                                          GA Bar No. 141862
                                          graubart@fr.com
                                          Brian P. Boyd
                                          GA Bar No. 553190
                                          bboyd@fr.com
                                          Benjamin Thompson
                                          GA Bar No. 633211
                                          thompson@fr.com
                                          FISH & RICHARDSON P.C.

1180 Peachtree St. NE, Fl. 21
Atlanta, GA 30309
Telephone: (404) 892-5005
Facsimile: (404) 892-5002

Melissa R. Smith
State Bar No. 24001351
Melissa@gilliamsmithlaw.com
GILLIAM & SMITH LLP
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

**COUNSEL FOR DEFENDANTS**
**SAMSUNG ELECTRONICS CO. LTD. AND**
**SAMSUNG ELECTRONICS AMERICA, INC.**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on January 22, 2020 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3).

*/s/Ruffin B. Cordell*
Ruffin B. Cordell
