## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| CLEAR IMAGING RESEARCH, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 2:19-CV-0326-JRG |
| | § | |
| SAMSUNG ELECTRONICS CO. LTD. and | § | **JURY TRIAL DEMANDED** |
| SAMSUNG ELECTRONICS AMERICA, | § | |
| INC., | § | |
| | § | |
| Defendants. | § | |

## JOINT MOTION FOR ORDER FOCUSING PATENT CLAIMS AND PRIOR ART

**TABLE OF CONTENTS**

I. Samsung ................................................................................................................... 1

    a. Proposal for Narrowing Claims and Prior Art ........................................................ 1

    b. Support for Samsung's Proposal .............................................................................. 2

II. Clear Imaging ........................................................................................................... 4

    a. Proposal for Narrowing Claims and Prior Art ........................................................ 4

    b. Support for Clear Imaging's Proposal ..................................................................... 5

        i. The Court Should Adopt Clear Imaging's Proposal On Timing .................... 5

        ii. Obviousness Combinations Should Not Be Altered Once Elected ................ 6

        iii. Samsung's Proposal is Unreasonable ............................................................ 7

## TABLE OF AUTHORITIES

**Cases**                                                                                           **Page(s)**

*Allergan, Inc. v. Teva Pharm. USA*,
  No. 2:15-CV-1455-WCB, 2017 WL 373462 (E.D. Tex. Jan. 26, 2017) ...................................6

*In re Katz*,
  639 F.3d 1303 (Fed. Cir. 2011)................................................................................................5

*Seven Networks v. Apple Inc.*,
  No. 2:19-cv-00115-JRG................................................................................................................4

*Thomas Swan & Co. Ltd. v. Finisar Corp., et al.*,
  No. 2:13-cv-178-JRG, ECF No. 125 (E.D. Tex. Apr. 10, 2014) ..............................................6

Plaintiff Clear Imaging Research, LLC ("Clear Imaging") and Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. (collectively, "Samsung") respectfully submit this joint motion seeking entry of an Order Focusing Patent Claims and Prior Art.

Both parties agree this case needs to be narrowed.[1]  Thus, Clear Imaging and Samsung met and conferred on multiple occasions in an attempt to agree on language for a proposed order to focus the asserted claims and prior art.  Ultimately, the parties were unable to reach agreement and therefore submit competing proposals for the Court's consideration.

The parties respectfully request that the Court enter an Order Focusing Patent Claims and Prior Art in the instant case, either by adopting one of the proposals set forth below, or otherwise ordering a schedule and protocol for focusing patent claims and prior art as the Court sees fit.

Each party's proposal and briefing in support thereof appear in the below sections.  The parties agreed that each party's briefing in support of its proposal would not exceed two double-spaced pages.

I.      **Samsung**

a.   Proposal for Narrowing Claims and Prior Art

No later than twenty-eight (28) days before the service of expert reports by the party with the burden of proof on an issue, Plaintiff shall serve an Election of Asserted Claims, which shall identify no more than five (5) asserted claims per patent and no more than a total of sixteen (16)

---

[1] As a part of the parties' efforts to streamline the case going forward, the parties agreed to a framework regarding representative products.  Specifically, on or before October 8, 2020, the parties will submit to the Court a joint pleading including the parties' agreed upon representative products stipulation.  If agreement cannot be reached, the parties will submit competing proposals as to representative products, including whether representative products are appropriate in this case.

claims.  By the date set for the service of expert reports by the party with the burden of proof on an issue, Defendant shall serve an Election of Asserted Prior Art, which shall identify no more than six (6) asserted prior art references per patent and no more than a total of twenty (20) references.

For clarity, each anticipation challenge and each obviousness combination or assertion shall count as a separate prior art reference for purposes of each election.  Further, a prior art instrumentality (such as a device or process) and its associated references that describe that instrumentality shall count as one reference, as shall the closely related work of a single prior artist.

b.  Support for Samsung's Proposal

Samsung requests the Court adopt its proposal, which tracks the Model Order Focusing Patent Claims and Prior Art ("Model Order") requirements for this stage of the case.  Clear's infringement case has been unfocused for too long, asserting 163 (nearly all) claims across six patents.  Samsung proposed in February that the parties agree to the Model Order.  Clear refused to engage or offer a counterproposal until just weeks ago.  Clear still has also not dropped claims, forcing Samsung to litigate 163 claims through claim construction.  The case needs significant streamlining to make expert discovery and trial preparation manageable.

Nothing prevents Clear from reducing the asserted claims as the Model Order requires at this stage.  Clear has all the information it needs on the accused products to make such reductions. Clear has been reviewing the Samsung's source code for over 3 months, and has printed over 700 pages of Samsung code.  To the extent Clear contends it is still unprepared to narrow the claims down to the numbers Samsung proposes, that is likely the result of Clear scrambling to maintain allegations for 163 claims instead of narrowing the case before now.

Clear's proposal, unlike Samsung's, yields the very inefficiencies the Model Order seeks to avoid.  Under Clear's proposal, Samsung's expert(s) would almost certainly need to prepare a report on the invalidity of all 163 asserted claims.  Clear's proposal ties its first reduction to an uncertain date, the Court's *Markman* order plus 7 days.  The *Markman* hearing is set for September 29 and expert reports are due November 13.  Therefore, even assuming this Court issues its *Markman* order on the six asserted patents within three to four weeks and Clear narrows its claims within 7 days thereafter, under Clear's proposal, Samsung's expert would still need to assemble invalidity opinions for all 163 asserted claims and have most, if not all, of the expert report drafted. Meanwhile, Clear—likely knowing all along which claims it will elect—could prepare its opening expert report on only those claims.  Should the Court (reasonably) take longer to issue its *Markman* order, the inefficiencies stemming from Clear's proposal only multiply.

Although Clear's proposal tracks aspects of the Model Order's staged reduction and limits, Clear's deviation from the Model Order's ***timing*** makes its proposal unreasonable.  Because Clear previously refused the first stage of narrowing the Model Order envisions, this case remains unreasonably large for this stage.  Under the Model Order, the parties would have narrowed the case prior to *Markman* briefing, and all required asserted claim and prior art reductions (down to 16 and 20, respectively) would take place before expert reports.  Instead, under Clear's proposal, the volume of asserted claims and prior art would not reach manageable numbers until less than a month before trial.  And, as explained above, Clear will likely not be required to drop any claims before Samsung's opening reports are due, or at a minimum, mostly completed.  Thus, Clear's proposal requires the parties, experts, counsel, and the Court to exhaust significant resources litigating claims that will never be tried and should have been dropped long ago.

3

Finally, Clear's proposal further frustrates the purpose of this narrowing process as it seeks to preclude Samsung from further narrowing obviousness combination Samsung elects (i.e. from A+B+C to A+B).  As such, Clear's proposal appears inconsistent with this Court's recent order in a co-pending case, confirming the Court's Focusing Order preserves defendants' ability to pursue combinations including multiple references and later elect a combination using a subset of those references. *Seven Networks v. Apple Inc.*, No. 2:19-cv-00115-JRG (D.I. 166 at 4-6).  To the extent Clear fears that Samsung will obscure the true combinations it plans to pursue by electing all multi-reference combinations only to later proceed on pruned versions of those combinations, that is not the intent.  Samsung will make its elections in good faith.  Any combinations Samsung identifies will be only precisely those Samsung believes, as of this point, it may reasonably pursue at trial.

## II.     Clear Imaging

### a.  Proposal for Narrowing Claims and Prior Art

No later than seven (7) days after the Court issues its Claim Construction Order, Plaintiff shall serve a Preliminary Election of Asserted Claims, which shall identify no more than ten (10) asserted claims per patent and no more than a total of thirty-two (32) claims.  Not later than fourteen (14) days after service of the Preliminary Election of Asserted Claims, Defendant shall serve a Preliminary Election of Asserted Prior Art, which shall identify no more than twelve (12) asserted prior art references per patent and no more than a total of forty (40) references.

No later than twenty-eight (28) days prior to trial, Plaintiff shall serve a Final Election of Asserted Claims, which shall identify no more than five (5) asserted claims per patent from among the ten previously identified claims and no more than a total of sixteen (16) claims.  Not later than seven (7) days after Plaintiff's Final Election of Asserted Claims, Defendant shall serve a Final Election of Asserted Prior Art, which shall identify no more than six (6) asserted prior art

references per patent from among the twelve prior art references previously identified for that particular patent and no more than a total of twenty (20) references.

For clarity, each anticipation challenge and each obviousness combination or assertion shall count as a separate prior art reference for purposes of each election. Once an obviousness combination is elected, it cannot later be modified and count. For example, if A + B + C is elected, that combination cannot later be modified to be A + B because that would be a different combination. Further, a prior art instrumentality (such as a device or process) and its associated references that describe that instrumentality shall count as one reference, as shall the closely related work of a single prior artist.

       b.   Support for Clear Imaging's Proposal

       i.  **The Court Should Adopt Clear Imaging's Proposal On Timing**

Clear Imaging's proposal tracks the Court's Model Order with modified timing for the reductions. Clear Imaging adopts the Model Order's proposed two rounds of narrowing (*i.e.*, preliminary and final elections) and uses the suggested numerical reductions for each election. However, the timing of the parties' preliminary and final elections needs to account for Samsung's discovery deficiencies and delays in this case. First, Samsung's deficient technical P.R. 3-4(a) document production and P.R. 3-3 invalidity contentions are the subject of pending motions (ECF Nos. 56, 68). Second, Samsung was delayed nearly 5-weeks in producing source code (ECF No. 70 at 2). Lastly, Samsung's third party suppliers have delayed responding to subpoenas (ECF No. 46). Accordingly, the timing for elections suggested in the Model Order must be adjusted. *See In re Katz*, 639 F.3d 1303, 1313 fn. 9 (Fed. Cir. 2011) ("a claim selection order could come too early in the discovery process, denying the plaintiff the opportunity to determine whether particular claims might raise separate issues of infringement or invalidity").

Tying the parties' preliminary election of claims to seven days after the Court's Claim Construction Order is appropriate because "the *Markman* process acts to naturally winnow the parties' disputes …." *Thomas Swan & Co. Ltd. v. Finisar Corp., et al.*, No. 2:13-cv-178-JRG, ECF No. 125 at 2 (E.D. Tex. Apr. 10, 2014).  Additional time will also allow Samsung and third parties to fulfill discovery obligations.  Because the Claim Construction Hearing is scheduled for September 29, 2020 and opening expert reports are not due until November 13, there is time in the case schedule for Clear Imaging's proposal.  Once the Court issues its Claim Construction Order, the parties can make educated preliminary elections before the deadline for expert reports.

As to the final elections, Clear Imaging's proposal for 28 days prior to trial is appropriate and reasonable.  The parties will have benefited from expert discovery, narrowed the issues for trial through summary judgment, and be engaged in pre-trial exchanges.  *See, e.g.*, *Allergan, Inc. v. Teva Pharm. USA*, No. 2:15-CV-1455-WCB, 2017 WL 373462, at *2 (E.D. Tex. Jan. 26, 2017) (finding reduction after close of expert discovery "reasonable").  Indeed, Clear Imaging's proposed deadline for final elections falls on March 8, 2021—the date of the Pretrial Conference—which ensures that the issues are narrowed for the trial.

### ii.  Obviousness Combinations Should Not Be Altered Once Elected

The Court should adopt Clear Imaging's proposal that once Samsung elects an obviousness combination, that combination cannot be later modified.  This clarification ensures that Samsung does not engage in a "shifting sands" approach by mixing and matching references from a particular obviousness combination under the guise that it is merely dropping prior art.  For example, without the clarifying language, Samsung can elect three references (A, B, C) as a single obviousness combination, but later use that election to assert up to six different obviousness challenges—A, B, C, A+B, A+C, B+C.  By allegedly dropping one or two of the references in the

6

combination, Samsung will have effectively reserved its rights to many more combinations, which is contrary to the election process.  Indeed, if Samsung elects to combine five or six references as an obviousness combination, there are literally dozens of possible combinations depending on how Samsung drops references—this tactic should not be permitted.

### iii.  Samsung's Proposal is Unreasonable

Samsung proposes that Clear Imaging make a single, final election of claims by October 16—two weeks after the Claim Construction hearing.  This proposal ignores Samsung's failure to timely provide discovery and that the schedule has adequate time for an orderly narrowing. Samsung also recently filed IPRs on each of the patents-in-suit and it is unclear whether this focusing order will apply to Samsung, depending on whether it pursues invalidity in this Court.

Dated: August 5, 2020

Respectfully submitted,

*/s/ Brett Cooper*

Samuel F. Baxter (Lead Counsel)
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
Jennifer Truelove
jtruelove@mckoolsmith.com
MCKOOL SMITH, P.C.
104 East Houston, Suite 300
Marshall, Texas 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

Brett Cooper
bcooper@mckoolsmith.com
Kevin Schubert
kschubert@mckoolsmith.com
Drew B. Hollander
dhollander@mckoolsmith.com
MCKOOL SMITH, P.C.
One Manhattan West
395 9th Avenue, 50th Floor
New York, NY 10001
Telephone:  (212) 402-9415
Facsimile:  (212) 402-9444

Seth R. Hasenour
Texas State Bar No. 24059910
shasenour@mckoolsmith.com
MCKOOL SMITH, P.C.
300 W. 6th Street, Suite 1700
Austin, Texas 78701
Telephone: (512) 692-8704
Facsimile: (512) 692-8744

**ATTORNEYS FOR PLAINTIFF
CLEAR IMAGING RESEARCH, LLC**

*/s/ Benjamin Thompson*

Ruffin Cordell (Lead Counsel)
TX Bar No. 04820550
cordell@fr.com
Michael J. McKeon
DC Bar No. 459780
mckeon@fr.com
Indranil Mukerji
MA Bar No. 644059
mukerji@fr.com
FISH & RICHARDSON P.C.
1000 Maine Avenue, SW
Suite 1000
Washington, D.C. 20024
Telephone: (202) 783-5070
Facsimile: (202) 783-2331

Leonard E. Davis
TX Bar No. 05521600
ldavis@fr.com
FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, TX 75201
Telephone: (214) 747-5070
Facsimile: (214) 747-2091

Noah C. Graubart
GA Bar No. 141862
graubart@fr.com
Brian P. Boyd
GA Bar No. 553190
bboyd@fr.com
Benjamin Thompson
GA Bar No. 633211, bthompson@fr.com
FISH & RICHARDSON P.C.

1180 Peachtree St. NE, Fl. 21
Atlanta, GA 30309
Telephone: (404) 892-5005
Facsimile: (404) 892-5002

Melissa R. Smith
State Bar No. 24001351
Melissa@gilliamsmithlaw.com
GILLIAM & SMITH LLP
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

**COUNSEL FOR DEFENDANTS
SAMSUNG ELECTRONICS CO. LTD. AND
SAMSUNG ELECTRONICS AMERICA, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been

served on all counsel of record on August 5, 2020.

/s/ Noah C. Graubart
Noah C. Graubart